UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARRY ARMISTEAD ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:08-0775 |
| ] | Echols/Brown |
| TENNESSEE DEPARTMENT OF ] | |
| CORRECTION, et al. ] | |
|     Defendants. ] | |

To:     Honorable Robert L. Echols, Senior District Judge

### **R E P O R T  A N D  R E C O M M E N D A T I O N**

By an order (Docket Entry No. 5) entered August 12, 2008, the Court referred this action to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently before the Court is a Motion to Dismiss (Docket Entry No. 23) filed by three of the defendants (George Little, Ricky Bell and James Horton), to which the plaintiff has filed a Response (Docket Entry No. 25) in opposition.[1]

The undersigned has conducted a review of the complaint (Docket Entry No. 1) and these

---

[1] The fourth defendant, the Tennessee Department of Correction, did not join in the Motion to Dismiss. However, for the reasons later stated, all claims against that defendant are subject to dismissal.

1

pleadings and respectfully recommends, for the reasons stated below, that defendants' Motion to Dismiss has merit and should be granted.

## I. Motion to Amend

As a preliminary matter, the plaintiff filed a Motion to Amend (Docket Entry No. 27) the complaint six weeks after the defendants had submitted their Motion to Dismiss. The defendants have filed a Response (Docket Entry No. 31) in opposition to the Motion to Amend.

On August 20, 2007, the plaintiff was transferred from the Riverbend Maximum Security Institution to his present place of confinement. He wishes to amend his complaint with a claim that Warden Bell ordered the transfer in retaliation for the filing of disciplinary appeals and grievances. The defendants oppose the proposed amendment by asserting that this particular claim is untimely.

Alleged civil rights violations in Tennessee are subject to the one year limitation period set forth in Tenn. Code Ann. § 28-3-104. Berndt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). The plaintiff's retaliatory transfer claim against Warden Bell accrued in August, 2007. The Motion to Amend was filed on January 5, 2009. It appears, therefore, that the plaintiff's proposed claim against Warden Bell is time-barred. The plaintiff has shown no basis for either tolling the limitation period for this claim against Warden Bell or relating it back to the original complaint under Rule 15, Fed. R. Civ. P. In short, any amendment adding this claim would be futile because it could not survive a motion to dismiss premised upon timeliness. Thiokol Corp. v. Dept. of Treasury, State of Michigan, 987 F.2d 376, 382-83 (6th Cir. 1993). Consequently, the plaintiff should not be allowed to amend the complaint to include his retaliatory transfer claim. Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000).

2

Case 3:08-cv-00775 Document 34 Filed 01/14/09 Page 2 of 8 PageID #: 151

## II. Background

The plaintiff, proceeding *pro se*, is an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Correction (TDOC); George Little, Commissioner of TDOC; Ricky Bell, Warden of Riverbend; and James Horton, Chairman of the Disciplinary Board at Riverbend; seeking declaratory, injunctive and monetary relief.

Prior to arriving at his present place of confinement, the plaintiff was an inmate at the Riverbend Maximum Security Institution. On June 11, 2007, he met with his Unit Counselor (Keith Holcombe) "for the purpose of correcting an oversight in his sentence credit calculation". Docket Entry No. 1 at pg. 4. The next day, the Unit Counselor and two guards searched the plaintiff's cell. Following the search, the plaintiff received a disciplinary report charging him with 1) falsifying an official document, 2) possession of contraband, 3) refusing a direct order, and 4) conspiracy to violate state law. The conspiracy charge was later dismissed but was replaced with a new charge, unauthorized internet access (TDOC Policy No. 109.05). *Id.* at pg. 4(a).

The plaintiff agreed to plead guilty to possession of contraband and refusing a direct order as Class C violations. However, the contraband conviction was later elevated to a Class B violation without the plaintiff's knowledge. *Id.* at pgs. 4(a-b). He was found guilty of the remaining charges. According to the complaint, the plaintiff's punishment for these infractions included a loss of good time credits, an increase in his security classification and the loss of pay. *Id.* at pg. 4(d). On appeal, both Warden Bell and Commissioner Little affirmed the disciplinary convictions. *Id.* at pgs. 4(b-c).

The plaintiff alleges that the charges against him were false. He further asserts that he did not receive a hearing prior to being punished, thus infringing upon his right to due process. *Id.* at pg.

3

4(c).

### III. Standard of Review

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is reviewed under the standard that dismissal is appropriate only if it appears that the complaint does not contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007). Accordingly, the complaint must contain enough factual allegations to state a claim for relief that is plausible on its face. *Id.* at 127 S.Ct. 1974.[2] In reviewing a motion to dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required to withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. *See* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-437 (6th Cir. 1988).

### IV. Analysis of the Claims

To state a claim under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

**A). Supervisory Liability**

To impose § 1983 liability on a defendant, the plaintiff must show that the defendant encouraged the specific act of misconduct or in some way directly participated in it. At a minimum, the plaintiff is required to plead and prove that the defendant implicitly authorized, approved or

---

[2] Twombly abrogated the "no set of facts" test set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

4

knowingly acquiesced in the unconstitutional conduct of an offending subordinate or colleague. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984).

The plaintiff alleges that Warden Bell and Commissioner Little were made aware of his claims via the appeal of his disciplinary convictions but failed to act upon them. He does not allege, however, that these defendants had any direct input or involvement in the plaintiff's disciplinary proceedings. Supervisory liability under § 1983 can not be based upon a mere failure to act. Salehpour v. University of Tennessee, 159 F.3d 199, 206 (6th Cir.1998), cert. denied, 119 S.Ct. 1763 (1999). Active unconstitutional behavior is needed to impose liability. Combs v. Wilkinson, 315 F.3d 548, 558 (6th Cir. 2002). For that reason, § 1983 relief will not be granted against prison officials whose only involvement was the denial of administrative remedies. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999). Consequently, the plaintiff has failed to state a claim against Warden Bell and Commissioner Little for which relief can be granted.

**B.) Denial of Due Process**

The plaintiff believes that he was punished in violation of his right to due process. More specifically, he claims that the charges against him were false and that he was found guilty of the disciplinary charges without the benefit of a hearing.

For several years, it was well settled that an inmate facing the possibility of disciplinary sanctions was entitled to a certain degree of procedural and substantive due process. Wolff v. McDonnell, 418 U.S. 539 (1974). This process included advance written notice of the charge, a hearing to resolve the charge during which the accused may present documentary evidence and call witnesses, and a written statement from the fact-finder describing the evidence relied upon and the reasons for the disciplinary action taken.

The Supreme Court, however, has changed the methodology used to determine whether an inmate has a liberty interest worthy of due process protection. *See* Sandin v. Conner, 515 U.S. 472 (1995). Federal courts are no longer required to examine the language of prison regulations to ascertain whether substantive restrictions have been placed upon the discretion of prison officials. Rather, our inquiry now focuses on whether the imposition of a particular disciplinary sanction "presents the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."*Id.* at 515 U.S. 486.

The Sandin opinion reaffirmed that when a prison disciplinary sanction directly affects the length of a prisoner's incarceration, the prisoner has an inherent liberty interest subject to the due process safeguards announced in Wolff, *supra.* But when the disciplinary sanction contemplated would not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life", the due process described in Wolff does not apply. Sandin, *supra* at 515 U.S. 483-84.

In this case, the plaintiff asserts that his punishment included the loss of accrued good time credits, thus lengthening his stay in prison. This type of punishment entitled the plaintiff to the procedural safeguards recognized in Wolff, including a formal disciplinary hearing. Consequently, the plaintiff has alleged a due process violation.

Nevertheless, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or

6

called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Supreme Court later applied Heck to prison disciplinary proceedings and held that, where the administrative action taken against the plaintiff could affect credits towards an earlier release based on good time served, the plaintiff must first achieve a favorable termination of his state or federal habeas corpus remedies. Edwards v. Balisok, 520 U.S. 641 (1997); *see also* Muhammad v. Close, 540 U.S. 749, 751 (2004).

Here, the plaintiff has given no indication whatsoever that his disciplinary convictions were overturned prior to filing the instant action. He has alleged that a petition for writ of certiorari was filed in the Chancery Court of Davidson County in an attempt to invalidate the disciplinary convictions. Docket Entry No. 1 at pg. 2. The plaintiff acknowledges, however, that this petition was denied as time barred. *Id.* at pg. 4(c). As a consequence, it appears that the plaintiff's due process claims against the defendants are not yet ripe for adjudication in a § 1983 action.

**C.) Claims Against the Tennessee Department of Correction**

The plaintiff has named the Tennessee Department of Correction as a defendant. This defendant has not joined in the remaining defendants' Motion to Dismiss. Nevertheless, because the plaintiff is a prisoner, the Court is obliged to review the complaint *sua sponte* at any time to ascertain whether there are claims that are not actionable. 28 U.S.C. § 1915A(b)(2). The Tennessee Department of Correction is a state agency. State agencies are not "persons" subject to suit within the meaning of 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58 (1989); *see also* Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Therefore, the plaintiff has failed to state an actionable claim against this defendant. As such, all claims against the Tennessee Department of Correction are subject to dismissal.

## RECOMMENDATION

Having carefully considered the complaint and the pending motions, the undersigned finds no merit in the plaintiff's Motion to Amend. Accordingly, it is respectfully RECOMMENDED that the Motion to Amend be DENIED. It is further RECOMMENDED that the defendants' Motion to Dismiss be GRANTED and that this action should be DISMISSED in its entirety.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

_____
Joe B. Brown
United States Magistrate Judge