UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARRY ARMISTEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:08-0775 |
| | ) Judge Echols |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTIONS, *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER

This is a *pro se* civil rights action brought by a state prisoner alleging claims under 42 U.S.C. § 1983. The Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket Entry No. 34) in which he recommends that Plaintiff not be allowed to amend his complaint, Defendants' Motion to Dismiss (Docket Entry No. 23) be granted, and this case be dismissed. In the R & R, Plaintiff was informed that any objections needed to be filed within ten days of service of the R & R. Plaintiff filed no objections. He did, however, file a "Response to Defendant[s'] Response in Opposition to Plaintiff's Motion to Amend Complaint for Retaliation" (Docket Entry No. 36), as well as a "Motion to Place Case in Abeyance Pending Appeal and Habeas Corpus Filing" (Docket Entry No. 37).

Where no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b). In contrast, when a party makes timely objections to the R & R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and

1

consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.J. 9(b)(3).

In this case, even if the Court construes Plaintiff's post-R & R filings as objections such that a de novo standard of review applies, the Court finds that the Magistrate Judge was correct in recommending that Plaintiff not be allowed to amend his complaint. Plaintiff seeks to add a claim of retaliation against Warden Ricky Bell as a result of Plaintiff's transfer from the Riverbend Maximum Security Complex ("Riverbend") to the Whiteville Correctional Facility.

As a technical matter, Plaintiff did not request that he be allowed to amend his Complaint. Instead, he directly filed an Amended Complaint after Defendants had filed a responsive pleading, without leave of Court or consent of the Defendants as required by Fed. R. Civ. P. 15(a). Thus, there is no pending motion to amend which requires a ruling by the Court.

Even if Plaintiff had properly sought leave to amend, the Court would deny the same because amendment would be futile. The Magistrate Judge correctly observed that a one-year statute of limitations governs civil rights claims in Tennessee, including claims under 42 U.S.C. § 1983. See, Porter v. Brown, 289 Fed. Appx. 114, 116 (6th Cir. 2008)("our precedent has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code. Ann. § 28-3-104(a)"). Here, the transfer at issue occurred on August 20, 2007, and Plaintiff did not file the retaliation claim until January 5, 2009. Despite the passage of well more than a year, Plaintiff argues "recent" discoveries should permit him to pursue his retaliation claim against Warden Bell, including the fact that Plaintiff "has now uncovered facts that he was transferred simply because he chose to contest the denial of his right to a hearing in the disciplinary process," he filed a civil suit against TRICOR for alleged negligence due to an injury he received in a fall from a defective chair at

2

Riverbend, and Plaintiff came "face to face" with a state legislator while at Riverbend, whom Plaintiff claims to have caught in an adulterous affair. (Docket Entry No. 36 at 2-3; Docket Entry No. 27 at 3-4).

A statute of limitations begins to run under federal law when a plaintiff knew or should have known of the event which forms the basis for his claim. Ohio Midland, Inc. v. Ohio Dept. of Transp., 286 Fed. Appx. 905, 911 (6th Cir. 2008). Here, all of the alleged bases for retaliation occurred while Plaintiff was at Riverbend. Even if Plaintiff did not know prior to his transfer that his observing the state legislator at Riverbend and his lawsuit over a faulty chair at Riverbend prompted untoward action by Warden Bell, he most certainly knew that Warden Bell approved his transfer, and that transfer occurred in the midst of Plaintiff filing the grievances which served as the basis for this lawsuit. Plaintiff basically admits as much in his "Response" by stating that the only reason Warden Bell would have wanted to transfer Plaintiff was in retaliation for Plaintiff having filed grievances and appeals of those grievances. (Docket Entry No. 36 at 2-3).

Moreover, the record shows that while Plaintiff was pursuing his grievances at Riverbend and claiming that he should not be transferred while those grievances were being appealed, he was specifically informed at some point in August 2007 that "[t]here is nothing in [the] Policy that prevents the Warden from transferring any Inmate – no matter what the reason or circumstances." (Docket Entry No. 31-1 at 6). While Plaintiff may now believe he has more "evidence" to support a claim of retaliation against Warden Bell, Plaintiff knew, or should have known, of the existence of such a claim in August 2007. Thus, allowing Plaintiff to amend his complaint would be futile because the statute of limitations has run..

In the R & R, the Magistrate Judge also recommends dismissal of Plaintiff's Complaint pursuant to Heck v. Humphrey, 512 U.S. 477, 487 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997) because

3

Plaintiff alleges he lost accrued good time credits in the disciplinary proceedings which will lengthen his term of imprisonment. This is a correct application of the law to the facts presented.

In his post-R & R filings, Plaintiff does not challenge this recommendation by the Magistrate Judge, but does request that his case be placed in abeyance pending the outcome of a Writ of Certiorari he has filed, and the possible filing of a habeas corpus petition. However, the Court will not stay this case for an unknown period on the chance that his disciplinary convictions will be dismissed and his good time credit restored. Instead, the Court will dismiss the case without prejudice so that if Plaintiff does in fact receive favorable treatment in regard to his challenges to his disciplinary actions he may re-file his claim. See, Edwards, 520 U.S. at 649 ("a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed" and therefore district court's decision to stay was improper).

Accordingly, the Court rules as follows:

(1) The R & R (Docket Entry No. 34) is hereby ACCEPTED and APPROVED;

(2) Defendants' Motion to Dismiss (Docket Entry No. 23) is hereby GRANTED;

(3) Plaintiff's Motion to Place Case in Abeyance Pending Appeal and Habeas Corpus Filing (Docket Entry No. 37) is hereby DENIED; and

(4) This action is dismissed WITHOUT PREJUDICE.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

*[signature]*

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE